Nott, J.,
delivered the opinion of the court:
The Act 2d March, 1867, (14 Stat. L., 471, § 7,) provides “ that the Commissioner of Internal Bevenue, with the approval of the Secretary of the Treasury, is hereby authorized to pay such sums, not exceeding in the aggregate the amount appropriated therefor, as may, in his judgment, be deemed' necessary for de *199 tecting and bringing to trial and punishment persons guilty of violating the internal-revenue laws, or conniving at the same, in cases where such expenses are not otherwise provided by law.”
The discretion conferred by this statute is very broad, inasmuch as the payments authorized are referred absolutely to the united “ judgment” of the Commissioner and Secretary, and the only restriction set upon their discretion is that the money shall be paid “ for detecting and bringing to trial and punishment persons guilty of violating the internal-revenue laws or conniving at the same, in cases where such expenses are not otherwise provided by law.”
It is insisted by the counsel for the defendants that this term “ expenses” was intended to embrace those cases where, under the provisions of another statute, {Act 13ih July, 1866,14 Stat. L., 98,145,) an informer might share in the proceeds of a forfeiture; and hence that the “ expenses” in this case were “ otherwise provided by law.” But the word “ expense,” both in its etymology and ordinary use, indicates expenditure, outlay, the disbursement of money, the payment of a price. To agree to share with a man the proceeds of property which is neither owned nor possessed, and which may never be acquired, would ordinarily be spoken of as an agreement that would “ put the Government to no expense.” Here was a class of offenders that, in the judgment of the Commissioner of Internal Revenue, could not be reached by the ordinary means of dividing forfeitures with informers. It was necessary, therefore, that the Government should be at the expense of procuring their detection and punishment, or that they should go unpunished. To give moderate rewards for the detection and punishment of such persons seems a reasonable exercise of the discretion vested in the Treasury Department by the statute. Therefore the offer of the reward which forms the basis of the present action was within the authority vested in the Commissioner and Secretary, and a proper exercise of their official discretion.
The offer thus made was of a reward for “information” which should lead to the “forfeiture” of an illicit distillery, and to the “conviction” of the person engaged in operating it. And the offer then expressly agrees that the reward shall “be paid upon the receipt of the certificate of the United States district attorney having charge of the case that the person so claiming such *200 reward is the person who furnished such information.” It is conceded by the defendants that certain illicit distilleries were forfeited, and that the claimant produced and delivered to the Commissioner of Internal Revenue the requisite certificates of the proper district attorney; bub it is contended that there was no “conviction” of the guilty parties.
The certificates of the district attorney state that each of the persons against whom information had been given by the claimant was “ convicted,” and the record of the court shows that each was found guilty of the offeuse charged in the indictment by the verdict of a jury, but that judgment on the verdict was not prayed for by the district attorney, and on his motion was suspended “on the payment of all costs.” The objection which the defendants’ counsel raises on this word “conviction” is strictly technical. .
We are of the opinion that the Commissioner of Internal Revenue did not use the word in any such technical sense. It was his purpose to procure evidence or information which should ler.1 to the legal ascertainment of the guilty parties’ guilt. When that was ascertained, that is to say, when a verdict of guilty was rendered, all would be accomplished by the informer’s information that could be effected by evidence; and the remaining proceedings would be entirely beyond the scope of his undertaking. It never could have been the iutent of the OonryypS-sioner that the informer should furnish a prosecuting officer who would perfect the conviction into a judgment, nor that he should induce a district attorney, over whom he had no control, to move for judgment after a verdict should be rendered. The contract arising from the offer and the services under it was for information which should stand the practical test of accomplishing the purpose for which it was required.
But though the proceedings in the district court may not have ripened into that conclusive form which would be indisputable evidence of a defendant’s.guilt in another tribunal, they nevertheless amounted to a conviction so far as to preclude the Government from again puttiug a defendant in jeopardy for the same offense. The district court was the tribunal which had exclusive jurisdiction of the offeuse, and a second trial on the same indictment, or a second indictment for the same cause, must be broughj; in the same court. Assuredly, after the United States had elected to hold the judgment in terrorem over a defendant, *201 and had exacted from him the payment of all costs, no court would allow him to be again subjected to the costs and harass-men ts of a second prosecution.
The counsel for the defendants has also argued that the term “ conviction” in the offer of reward is to be construed by reference to the statute, as meaning, in its words, “trial and punishment.” We are of the same opinion, but draw from it a different N'' Nee; which is, that the statute enlarges rather than re-soricts the intent of the word “ conviction.” The informer’s information led to an indictment, to a trial, and to a verdict of guilty. It also led to punishment; not to a punishment by fine or imprisonment on the judgment of the court, but to a lesser, modified punishment, inflicted at-the instance of the prosecuting officer, who deemed it best to hold the judgment in suspense over the heads of offenders as security for their future good behavior, and who at the same time exacted from them, under its pressure, the payment of “all costs,” which, for anything we know to the contrary, may have included the reward to be paid to this informer. The case, therefore, seems to comply with the conditions of both the offer and the statute.
The judgment of the court is that the claimant recover of the defendants the sum of $1,400.
Peck, J., was absent when this case was heard, and took no part in the decision.